UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY ET AL. | CIVIL ACTION |
| VERSUS | NO. 06-2806 c/w 06-2832 |
| COMMUNITY COFFEE COMPANY, L.L.C. | SECTION "L" (2) |

## ORDER AND REASONS ON MOTION

Plaintiffs, Fireman's Fund Insurance Company ("Fireman's") and The Northern Assurance Company of America (collectively the "insurers"), filed a Motion to Quash and/or for a Protective Order Relating to Re-Notice of Fireman's Fund Insurance Company's 30(b)(6) Deposition. Record Doc. No. 129. Defendant, Community Coffee Company, L.L.C. ("Community"), filed a timely opposition memorandum. Record Doc. No. 137. For the following reasons, the motion is DENIED, and IT IS ORDERED that the deposition must proceed as noticed.

Plaintiffs seek to quash several topics listed in defendant's Fed. R. Civ. P. 30(b)(6) deposition notice of Fireman's. As to topics 1, 4, 6, 7 and 12, plaintiffs argue that Community has already deposed six witnesses with knowledge about those topics and that a Rule 30(b)(6) deposition would be cumulative and duplicative. However,

Community points out that four of those witnesses were never employed by Fireman's, one is a former employee of Fireman's and the sixth, a current Fireman's employee, was only involved in handling Community's claim for a couple of months. Moreover, none of those witnesses were ever designated by Fireman's as a corporate representative as to those topics. Accordingly, this objection is overruled. If Fireman's wishes to designate any of these witnesses as its corporate representative as to a particular topic, it may do so and advise Community of the relevant pages of the prior deposition so as to avoid duplication.

As to Topic No. 8, the insurers object that they will produce, at an appropriate time according to the court's scheduling order, an expert to testify about how they calculated "sound market value," a policy term. While expert testimony may eventually be produced on the topic, information about the sources of information provided to the expert by the insurers and the insurers' own understanding of the policy term is certainly relevant and reasonably calculated to lead to the discovery of admissible information.

Topic No. 9 requests a deponent to testify about the existence of any reinsurance covering Community's claim and the substance of any communications between Fireman's and the reinsurer about the claim. Plaintiffs argue that the discoverability of this topic is already pending before Judge Fallon and therefore it is not an appropriate topic for discovery at the deposition. See Record Doc. No. 135 (ordering in camera

review of documents relating to plaintiffs' reinsurance).  Although the order does not say so, Community states that the issue before Judge Fallon is whether such documents are subject to any privilege, not whether they are relevant to the claim or defense of a party. Accordingly, this objection is overruled.  The existence and identity of any reinsurer is not privileged and is discoverable.  The substance of any communications between the insurers and any reinsurer is reasonably calculated to lead to the discovery of admissible evidence concerning the facts known to the insurers and their actions in handling Community's claim.  To the extent that any communications may be privileged, the insurers can make the appropriate objection at the deposition.  Fed. R. Civ. P. 30(d)(1).

Topic No. 11 seeks testimony about why Fireman's refused to pay Community interest on the claim payments it has made to Community.  The insurers object that the legal question of defendant's entitlement to prejudgment interest, if any, is the topic of defendant's pending motion for partial summary judgment and therefore not appropriate for a 30(b)(6) deposition.  This objection is overruled.  The testimony sought does not concern the legal question of entitlement, but concerns Fireman's actions and reasons for denying such interest, a topic that is relevant and reasonably calculated to lead to admissible evidence.

Topic No. 13 is clearly relevant and reasonably calculated to lead to admissible evidence.  It is no legitimate ground for objection that the information sought goes to the

ultimate legal conclusion of whether the insurers are responsible to pay a claim for damages caused by heat and humidity.

Finally, the relationship between Fireman's and its claims adjusting and surveying service, Vericlaim, including the amounts paid by Fireman's to Vericlaim for the three years surrounding Hurricane Katrina, is relevant to the questions of bias and credibility. Plaintiffs' objections to Topic No. 14 are overruled.

New Orleans, Louisiana, this   28th   day of February, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE